FILED
2020 DEC 31
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALVIN W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:20-cv-00035-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Calvin W.'s appeal from the decision of the Social Security Administration denying his application for disability and disability insurance benefits. The Court held oral arguments on December 29, 2020. Having considered the matter, the Court will reverse and remand the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although she is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.    PROCEDURAL HISTORY

In February 2014, Plaintiff filed an application for disability and disability insurance benefits, alleging disability beginning on January 22, 2014.[7] The claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on March 7, 2017.[9] The ALJ issued a decision on April 17, 2017, finding Plaintiff not disabled.[10] The Appeals Council remanded that decision on March 8, 2018.[11] A remand hearing was held on October 1, 2018, before a different ALJ.[12] The ALJ again issued an unfavorable decision on April 4, 2019.[13] The Appeals Council denied Plaintiff's request for review on March 10, 2020,[14] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[15]

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 281–82.

[8] *Id.* at 107, 124.

[9] *Id.* at 64–92.

[10] *Id.* at 125–48.

[11] *Id.* at 149–53.

[12] *Id.* at 35–62.

[13] *Id.* at 12–34.

[14] *Id.* at 1–6.

[15] 20 C.F.R. § 422.210(a).

On April 15, 2020, Plaintiff filed his complaint in this case.[16] On July 1, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[17] The Commissioner filed his answer and the administrative record on August 25, 2020.[18]

Plaintiff filed his Opening Brief on September 18, 2020.[19] Defendant filed his Answer Brief on October 22, 2020.[20] Plaintiff filed his Reply Brief on November 6, 2020.[21]

B.   MEDICAL HISTORY

Plaintiff alleges the following conditions limit his ability to work: low back injury, asthma, diabetes, thyroid condition, artificial left shoulder, torn knee ligaments, back pain, ankle pain, arthritis in the wrists, obesity, heart condition, and sleep apnea.[22] Plaintiff stated these conditions make it difficult to walk, stand, and sit.[23] Plaintiff also complains of depression and anxiety.[24] Plaintiff has received treatment for these and various other conditions.[25]

---

[16] Docket No. 3.
[17] Docket No. 11.
[18] Docket Nos. 14–17.
[19] Docket No. 20.
[20] Docket No. 21.
[21] Docket No. 22.
[22] R. at 398.
[23] *Id.* at 407.
[24] *Id.*
[25] *Id.* at 559, 564, 588, 591, 609, 611, 614, 617, 624, 668, 672, 676, 679, 682, 685, 688, 691, 694.

C.    HEARING TESTIMONY

During the initial hearing, Plaintiff testified that he struggled with back and hip pain.[26] His pain increased the more he worked.[27]

At the remand hearing, Plaintiff testified that he worked part-time as a facilitator for a school district.[28] Plaintiff testified that he had previously worked as a quality control technician.[29] Plaintiff explained that his pain prevented him from working as it made it difficult to sit or stand for very long.[30] He also stated that he suffered from diabetes, hypertension, thyroid issues, and asthma.[31] Plaintiff also noted issues with depression and anxiety.[32]

The ALJ next heard from a vocational expert. As will be discussed in more detail below, the ALJ did not include any restrictions on reaching or any mental limitations in the hypothetical question posed to the vocational expert.[33] Based on the hypothetical the ALJ did provide, the vocational expert testified that such an individual could perform Plaintiff's past work as a quality control technician.[34]

---

[26] *Id.* at 82.
[27] *Id.* at 86.
[28] *Id.* at 41.
[29] *Id.* at 44.
[30] *Id.* at 46.
[31] *Id.* at 46, 49.
[32] *Id.* at 53.
[33] *Id.* at 56–57.
[34] *Id.* at 57.

D.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of January 22, 2014.[35] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, degenerative joint disease, obesity, asthma, and diabetes mellitus.[36] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[37] At step four, the ALJ determined that Plaintiff could perform his past relevant work, and, therefore, was not disabled.[38]

## III.  DISCUSSION

Plaintiff raises three issues in his brief: (1) whether the ALJ erred by failing to include all of Plaintiff's established limitations in the hypothetical to the vocational expert; (2) whether the ALJ erred by failing to properly evaluate the medical opinion evidence; and (3) whether the ALJ erred by failing to evaluate whether mild mental impairments would preclude Plaintiff from performing his past relevant work.

---

[35] *Id.* at 18.
[36] *Id.* at 19.
[37] *Id.* at 21–22.
[38] *Id.* at 27–28.

A.     HYPOTEHTICAL QUESTION

The Tenth Circuit had held that "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision."[39] Here, the ALJ's hypothetical question to the vocational expert did not contain any reaching restriction. However, the ALJ's residual functional capacity assessment included the limitation that Plaintiff could only "occasionally reach overhead with the left upper extremity with no restrictions on the right."[40] The description of Plaintiff's past relevant work states that it requires frequent reaching.[41] Thus, there is an unresolved conflict between Plaintiff's residual functional capacity and the description of Plaintiff's past work. Despite this, the Commissioner argues that remand is not required because Plaintiff's description of how he performed his past work is consistent with the ALJ's residual functional capacity assessment.

In support of this argument, the Commissioner points to Plaintiff's description of his work as a quality control technician.[42] When asked how many hours each day he did reaching, Plaintiff responded "N/A."[43] Based upon this statement, the Commissioner argues that the ALJ's error was harmless. The problem with the Commissioner's reliance on this description is that the ALJ did not cite it or discuss it in making her determination that Plaintiff could perform

---

[39] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

[40] R. at 22.

[41] U.S. Dep't of Labor, Employment & Training Admin., *Dictionary of Occupational Titles (DOT)* # 012.261-014 (4th ed. 1991), 1991 WL 646365.

[42] R. at 482.

[43] *Id.*

his past relevant work as he performed it. Instead, the ALJ relied on the vocational expert's testimony to make this determination.[44] As set forth above, because the hypothetical question did not contain all of Plaintiff's limitations, the vocational expert's testimony cannot provide the basis for the ALJ's decision.

Even considering Plaintiff's description of how he performed his past work, it does not provide substantial evidence to support the ALJ's decision. Plaintiff stated that reaching was not applicable to his job. However, the Social Security Administration recognizes that reaching is "required in almost all jobs."[45] Thus, it is highly unlikely that Plaintiff's job required absolutely no reaching. The ALJ's decision is completely devoid of any analysis of how Plaintiff's reaching limitation would affect, if at all, his ability to perform his past relevant work and the Court declines the Commissioner's effort (though well crafted) to prop up the ALJ's step four finding.[46]

The Commissioner also argues that the ALJ's finding that Plaintiff performed his past work at a sedentary exertional level provides support for her conclusion. However, the ALJ's statement to this effect is largely conclusory.[47] Further, the definition of sedentary work does not address reaching.[48] The fact that the ALJ found Plaintiff performed his past work at a

---

[44] *Id.* at 28.

[45] SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985).

[46] *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

[47] R. at 28.

[48] 20 C.F.R. § 404.1567(a).

7

sedentary level adds nothing. Therefore, the Court finds that remand is required for further consideration of Plaintiff's reaching limitation on his ability to perform his past relevant work.

B.   OPINION EVIDENCE

Plaintiff next argues that the ALJ erred in her treatment of the opinions of nurse practitioner Karen Whittemore, who treated Plaintiff since 2015. On February 8, 2017, Ms. Whittemore completed a Physical Residual Function Capacity Statement.[49] Ms. Whittemore opined that Plaintiff could walk one block without pain, would need to lie down or recline for less than an hour in a work day, could sit for 1 hour at a time, stand for 15 minutes at a time, and walk for 30 minutes at a time.[50] Ms. Whittemore further stated that Plaintiff could sit for 5 hours of an 8-hour work day and walk for less than 1 hour in a work day.[51] Ms. Whittemore stated that Plaintiff would need to take time off due to his pain, would be off task for more than 30% of a work day, miss 5 or more days per month, and would be 50% less efficient than an average worker.[52]

The ALJ gave these findings little weight.[53] The ALJ found that Ms. Whittemore's findings were not consistent with her own records, which showed well-controlled diabetes, good strength, and good range of motion.[54]

---

[49] R. at 661–64.
[50] *Id.* at 662–63.
[51] *Id.* at 663.
[52] *Id.* at 663–64.
[53] *Id.* at 25.
[54] *Id.*

8

In a statement from October 2018, Ms. Whittemore stated that Plaintiff could lift between 10 and 20 pounds, stand/walk for less than 2 hours, and sit for 2 hours.[55] Ms. Whittemore further stated that Plaintiff's symptoms would interfere with the attention and concentration to do simple, routine tasks 20% or more of the time and that Plaintiff would be off task 20% or more of the time.[56] Ms. Whittemore further opined that Plaintiff would be absent from work 4 or more days per month and would be 50% less efficient when compared to an average worker.[57]

The ALJ found that this opinion was not supported by the evidence and was not persuasive and, therefore, gave it no weight.[58] Plaintiff complains that the ALJ failed to discuss evidence that would have supported Ms. Whittemore's opined limitations, specifically the overhead reaching limitation and issues with Plaintiff's thumbs, wrist, and forearms. Because remand is required, the ALJ is free to reassess Ms. Whittemore's findings and opinions.

C.   MENTAL IMPAIRMENTS

Plaintiff's final argument is that the ALJ failed to properly account for his mental impairments. As stated, the ALJ found that Plaintiff could perform his past work as a quality

---

[55] *Id.* at 698.

[56] *Id.* at 698–99.

[57] *Id.* at 699.

[58] *Id.* at 27.

9

control technician. That work is considered skilled[59] with an SVP of 7.[60] Plaintiff complains that the ALJ did not address whether Plaintiff's alleged mental impairments would impact his ability to perform skilled work. Instead, the ALJ simply stated that Plaintiff "does not have significant mental limitations, such that he would be able to perform this skilled occupation."[61]

> Step four of the sequential analysis, at which the ALJ found plaintiff not disabled, is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.[62]

The ALJ found that Plaintiff's mental impairments caused no more than mild limitation in any of the functional areas and, therefore, were non-severe.[63] This conclusion is well supported by the evidence set out by the ALJ.[64] However, the ALJ failed to discuss the mental demands of Plaintiff's past relevant work, as required. Further, the ALJ's conclusion that

---

[59] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. 404.1568(c).

[60] SVP is "specific vocational preparation" and "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *DOT* App. C, 1991 WL 688702. An SVP of 7 requires between two and four years to learn. *Id.*

[61] R. at 28.

[62] *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (internal citations omitted).

[63] R. at 20.

[64] *Id.* at 19–20.

Plaintiff's mental limitations would not alter his ability to perform skilled work is completely conclusory and lacks the specific findings needed, which is insufficient.[65] As with the reaching limitation, no mental impairments were presented to the vocational expert. Thus, the vocational expert's testimony cannot provide substantial evidence for the ALJ's conclusion. As a result, there is no substantial evidence to support the ALJ's finding. Therefore, this case must be remanded for further consideration as to whether Plaintiff's mental impairments affect his ability to perform his past relevant work.

## IV. CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED: 31December 2020.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[65] *Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) ("The ALJ's conclusory statement that '[t]he exertional and non-exertional requirements of this job [as a general clerk] are consistent with the claimant's residual functional capacity' is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of [the plaintiff's] past relevant work.").